United States District Court
Southern District of Texas
**ENTERED**
August 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE MERLIN PEREZ QUINTANILLA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-514 |
| | § | |
| PAMELA JO BONDI[1] *et al.* | § | |

## ORDER

Before the Court is Petitioner's Motion to Enforce Order (Dkt. No. 18). For the reasons below, Petitioner's motion is **GRANTED IN PART** (Dkt. No. 18).

## I. BACKGROUND

The Fifth Circuit recently held "that the Due Process Clause requires the Government to provide at a bond hearing to aliens held under Section 1225(b)(2)(A) within a reasonable time of detention." *Rodriguez v. Ortega*, 180 F.4th 702, 726 (5th Cir. 2026), *reh'g en banc granted*, *opinion vacated sub nom. Sosnava Rodriguez v. Ortega*, 181 F.4th 608 (5th Cir. 2026). Following this ruling, the Court ordered Respondents to comply with the bond hearing requirement "within five days of the date of [its] Order" (Dkt. No. 15 at 1). The Court noted that if Respondents' failure to afford Petitioner a bond hearing, would result in his release (Dkt. No. 15 at 2). Meanwhile, the Fifth Circuit *sua sponte* granted *en banc* review and vacated the *Rodriguez* panel's holding. *Sosnava Rodriguez*, 181 F.4th at 609.

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Jo Bondi in this case. David Venturella is substituted for Respondent Todd Lyons under this same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

## II. LEGAL STANDARDS

"All orders and judgments of courts must be complied with promptly. *Seven Arts Filmed Ent. Ltd. v. Jonesfilm*, 538 F. App'x 444, 446 (5th Cir. 2013) (quoting *Maness v. Meyers*, 419 U.S. 449, 458 (1975)). "It is axiomatic that federal courts possess inherent power to enforce their judgments." *Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022) (citation modified) (quoting *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)). Absent this authority, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Peacock*, 516 U.S. at 356.

## III. DISCUSSION

In no uncertain terms, the Court ordered Respondents to provide Petitioner with a bond hearing in which they were required to articulate an individualized justification for his detention (Dkt. No. 15 at 1). Respondents contend they afforded him a hearing (Dkt. No. 17 at 1). However, the Immigration Judge ("IJ") relied on the Fifth Circuit's vacatur of *Rodriguez* to determine that the Immigration Court lacked jurisdiction to consider Petitioner's bond request (Dkt. No. 17-1 at 1).

Should Respondents have deemed it necessary to seek clarification or relief from the Court's Order, they should have done so. It is improper for Respondents to raise their argument through a "status report" filed on the docket (*see* Dkt. No. 17). Rather, Respondents' proper vehicle to express their discontent with the Court's ruling is either an appeal, or a motion to set aside the judgment. *Maness*, 419 U.S. at 458 ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."). Moreover,

Respondents have not filed any response to Petitioner's motion, despite their twenty-one-day period to do so having passed. J. Garcia Marmolejo Civ. Ct. P. 6(A)(4); L.R. 7.3. Their silence is deemed as non-opposition. L.R. 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

Since the bond hearing failed to comply with the Court's previous Order, the Court **ORDERS** Respondents to provide Petitioner with a new bond hearing within **five (5) business days** of the date of this Order. "[A]t the hearing, the Government must articulate an individualized justification for further detention without bond." *Rodriguez*, 180 F.4th at 728. Obviously, dangerousness and flight risk may be relevant factors, but "the Government may be able to assert another justification why an unadmitted alien must be detained." *Id.* However, the IJ may not solely rest any denial of Petitioner's bond on lack of jurisdiction under *Buenrostro-Mendez*'s principles. *Vieira v. de Anda-Ybarra*, 806 F. Supp. 3d 690, 702 (W.D. Tex. 2025). Should Respondents continue to disclaim jurisdiction to afford Petitioner a bond hearing, Respondents must immediately release Petitioner.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Enforce Order (Dkt. No. 18) is **GRANTED IN PART**. Respondents **must** provide Petitioner with a bond hearing within **five (5) business days** of the date of this Order.

Respondents are further **ORDERED** to file an advisory within **three (3) business days** of the bond hearing, stating whether Petitioner was released, and if so, detailing the conditions of his release.

It is so **ORDERED**.

**SIGNED** August 28, 2026.

Marina Garcia Marmolejo
United States District Judge